### ALLEN *vs.* ADDINGTON.

*After a general verdict* upon two counts, one good and the other bad, and *after a reversal* of the judgment for such cause, the *postea* will be suffered to be amended so as to have the verdict entered upon the good count only, where it appears that the evidence applied as well to the good as to the bad count, and both counts are founded upon one and the same cause of action, and not upon separate and distinct causes of action.

THIS was an *action on the case* for a false representation as to the credit of a third person. The plaintiff obtained a verdict, on which he entered judgment in this court. The defendant sued out a writ of error, removing the record into the *court for the correction of errors*, which court reversed the judgment of this court, but *resolved* that the *third count* in the declaration was sufficient *after verdict* to sustain a judgment, and directed the record to be remitted to this court, with liberty to the plaintiff to apply here to amend the *postea*, either by the notes of the circuit judge, or by the evidence set forth in the bill of exceptions, so as to apply the verdict to the third count, and to render judgment thereon. The *first* count was unsupported by proof; the *second* and *third* counts were substantially for the same cause of action, except that in the *second* count it was omitted to be stated that the false representation was made, or the truth suppressed, *with an intention to deceive and defraud* the plaintiff; and for this cause the verdict being *general*, the judgment it seems was reversed. See 11 Wendell, 374, &c. The plaintiff now moved to amend the *postea*, under the permission granted by the court for the correction of errors.

*S. P. Staples*, for the plaintiff insisted that where the evidence is as applicable to a good as to a bad count, the *postea* will be amended so that the verdict shall apply to the good count only ; and cited, in support of this position, 1 Caines, 392 ; 2 Johns. Cas. 21 ; 1 Johns. R. 505 ; 11 id. 98 ; 15 id. 318. He adverted to the English cases on this question, and shewed that the unreasonableness of the rule prevailing there

September 4.

had been long since acknowledged, but that whatever might be the practice there, with us the law was settled, that in cases of this kind an amendment was always allowed.

*S. Stevens*, for the defendant. Where there is any evidence which applies to a bad count, the postea cannot be amended, because, as Buller, J. said in *Eddowes* v. *Hopkins*, Doug. 377. "it would be impossible for the judge to say on which of the counts the jury had assessed the damages, or how they had apportioned them." So in *Holt* v. *Scholefield*, 6 T. R. 695, Mr. Justice Lawrence said, " the plaintiff ought not to be at liberty to amend by the judge's notes, because the evidence applied as well to the bad as to the good counts. In *Grant* v. *Astle*, Dougl. 730, which was on a writ of error from the common pleas, Lord Mansfield admitted, that after judgment an amendment by the judge's notes was inadmissible ; and it was conceded that all that could be done in that case, which was a verdict on a bad and good count, was to send the cause back, to have the damages applied on the good count ; and a *venire de novo* was accordingly awarded. The same course was adopted in *Garr* v. *Gomez*, 9 Wendell, 679; and he insisted that, after a judgment had been reversed, because a general verdict had been given on counts, some good and some bad, a *postea* had never been amended, and cited 1 Barn. & Ald. 161, in which the K. B. refused such an application as unheard of, saying that it was altogether too late after a plaintiff had insisted upon his verdict, until the judgment of a court of errors.

Mr. Justice SUTHERLAND, who heard this motion, inquired, in the progress of the argument, whether there was not a distinction between the case of several counts for separate and distinct causes of action, some of which counts were good and others bad, and the case of several counts upon one and the same cause of action, differing in form and the mode of statement, but in substance the same. In the former case, where evidence was given, applicable as well to one count as the other, it might well be imagined that there would be danger in permitting an abandonment of the postea ; but in the latter it

was not perceived how the defendant could by possibility be injured. After the argument, the judge took time to consider and at a subsequent day *granted the motion.**

*See *Sayre* v. *Jewett*, ante 136.